**Donnell STOKES, Plaintiff,**

v.

**STEAK 'N SHAKE, INC., Defendant.**

**No. 91–1451–C–7.**

United States District Court,
E.D. Missouri, E.D.

March 26, 1992.

Donnell Stokes, pro se.

McMahon, Berger, Hanna, Linihan, Cody & McCarthy, James N. Foster, Jr., John B. Renick, St. Louis, Mo., for defendant.

## MEMORANDUM AND ORDER

HAMILTON, District Judge.

This matter is before the Court pursuant to Defendant's Motion to Dismiss and/or for Summary Judgment, filed November 8, 1991. Plaintiff has filed no opposition to this motion. Since the Court considers materials outside the pleadings, it treats this motion as one for summary judgment.

Summary judgment is appropriate when there is no dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). When presented with such a motion, the Court must determine whether any genuine factual issues exist that only the finder of fact can properly resolve since they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The substantive law determines which facts are relevant and which are immaterial. Only disputes which might affect the outcome will properly preclude summary judgment. *Id.* at 248, 106 S.Ct. at 2510. Factual disputes that are irrelevant or unnecessary to the cause of action will not preclude a summary judgment. *Id.* When evaluating a motion for summary judgment the Court must view the facts in the light most favorable to the party against whom the motion is directed, giving such party the benefit of all reasonable inferences to be drawn from the facts. *Portis v. Folk Constr. Co.*, 694 F.2d 520, 522 (8th Cir.1982). The moving party always bears the burden of informing the Court of the basis for the motion. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552–53. However, the party opposing the summary judgment motion may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a material factual dispute.

*Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

Plaintiff originally brought this action in the Small Claims Division of the Circuit Court of St. Louis County, Missouri. Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1331 and 1441, claiming the existence of a federal question. In his Petition, Plaintiff alleges that he was terminated from his employment with Defendant in April 1991. He claims Defendant did not pay him the bonus to which he was entitled as a result of his employment. Plaintiff further claims that although he submitted an insurance claim during his employment, he never received his insurance benefits. Finally, Plaintiff seeks $994.00 from Defendants as a result of injuries he sustained when he fell off Defendant's roof during the course of Plaintiff's employment.

Defendant moves to dismiss the Petition, arguing that Plaintiff's claim concerning the unpaid insurance benefits is preempted by the Employee Retirement Income Security Act (ERISA). Defendant also argues that Plaintiff's claim for injuries in the amount of $994.00 must be brought, if at all, pursuant to Missouri's Workers' Compensation Act. Finally, Defendant argues that Plaintiff was not entitled to receive bonus pay because he was not employed by the Defendant at the time the bonuses were distributed as required by the bonus program.

As to Defendant's first argument, ERISA applies to any employee benefit plan established or maintained by an employer engaged in commerce. 29 U.S.C.A. § 1003(a)(1) (West 1985). "Employee benefit plan" is defined as an "employee welfare benefit plan." 29 U.S.C.A. § 1002(3) (West Supp.1991). An "employee welfare benefit plan" is defined as

> [A]ny plan, fund or program ... established or maintained by an employer ... to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or

otherwise, (A) medical, surgical, or hospital care or benefits. . . .

29 U.S.C.A. § 1002(1)(A) (West Supp.1991).

ERISA's preemption clause states in pertinent part:

> Except as provided in subsection (b) of this section [the savings clause], the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C.A. § 1144(a) (West 1985).

In *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), the Supreme Court held that common law tort claims based on improper processing of a claim for benefits under an employee benefit plan met the criteria for preemption under Section 1144(a). Outlining the legislative intent behind ERISA, the Court found that ERISA, with a few narrow exceptions, was intended by Congress to be the sole regulator of employee benefit plans as well as the sole vehicle of redress for plan participants and beneficiaries. *Id.* at 46, 52, 107 S.Ct. at 1552, 1555. The major focus of the statute was uniformity of the law. *Id.* at 46, 107 S.Ct. at 1552.

Having set forth the legislative intent, the Court then interpreted the language of Section 1144(a). Noting the broad sweep of the term "relate to", the Court stated that a law "relates to" a benefit plan if it has a connection to the plan. *Id.* at 47, 107 S.Ct. at 1552–53; *see also Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct. 2380, 2388–89, 85 L.Ed.2d 728 (1985); *Shaw v. Delta Airlines, Inc.,* 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). Consequently, the Court held that common law claims with connections to an employee benefit plan are preempted unless they fall under an exception to ERISA's preemption clause (i.e., the savings clause.) * *Pilot,* 481 U.S. at 47–48, 107 S.Ct. at 1552–53.

■ In the present case, Plaintiff alleges that "he was employed when he submitted an insurance claim that was never paid." (Petition). Further, the insurance in question was provided to Plaintiff by Defendant as a benefit related to his employment. (Dep. of Donnell Stokes at p. 51). Since Plaintiff's claim has a direct connection to an employee benefit plan, it is preempted by ERISA; therefore, this claim must be brought, if at all, pursuant to ERISA. Defendant's Motion for Summary Judgment is granted as to Plaintiff's claim for insurance benefits.

■ As to Defendant's second argument, the Missouri Workers' Compensation Act requires an employer to furnish compensation to an employee who is injured by accident during the course of his employment. Mo.Ann.Stat. § 287.120.1 (Vernon Supp. 1991). The Act provides an employee's exclusive rights and remedies. *Id.* at § 287.-120.2. All other rights and remedies are excluded by its terms. *Id.*

In the present case, Plaintiff alleges he was injured as a result of a fall from the roof of Defendant's restaurant during the course of his employment. Accordingly, Plaintiff's claim for damages lies exclusively within the Missouri Workers' Compensation Act. Therefore, Defendant's Motion for Summary Judgment is granted as to Plaintiff's claim for damages resulting from his fall from the restaurant roof.

■ Finally, Plaintiff claims Defendant did not pay him the quarterly bonus to which he was entitled. Under Defendant's bonus program, a bonus is paid quarterly to each member of its managerial staff, provided the recipient is actively employed on the date the bonus is distributed. (Defs.Dep.Ex. A; Aff. of Ann Bull at par. 4). This bonus program was in effect through the period of Plaintiff's employment with Defendant. (Aff. of Ann Bull at par. 3). Plaintiff was employed in a managerial capacity until April 13, 1991, when he was terminated. The quarterly bonus

---

* The savings clause saves from federal preemption any state law that regulates insurance, banking or securities. 29 U.S.C. § 1144(b)(2)(A).

accrued on April 10, 1991; however, Plaintiff admits that he was not actively employed by Defendant on the date the bonuses were distributed. (Dep. of Donnell Stokes at p. 43). Since no question of relevant fact is disputed, Defendant's Motion for Summary Judgment is granted as to Plaintiff's claim for bonus pay.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's claims concerning insurance benefits and work-related injury are DISMISSED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's claim concerning his entitlement to bonus pay is DISMISSED with prejudice.